Circuit Court, District of Columbia. April Term, 1824.

WITNESS—PRIVILEGE OF ATTORNEY.

If the plaintiff examines his attorney as a witness, he waives his privilege, and upon cross-examination the attorney is bound to answer generally.

[Action of] debt [by Robert Crittenden against Pendleton Strother] on bond. Plea: Gaming debt.

Mr. Hall, the plaintiff's attorney, offered himself as a witness, and testified in behalf of the plaintiff. Upon his cross-examination he objected to answer a question, claiming the privilege of his client.

THE COURT said, that when his client examined him as a witness in his favor, he must be considered as waiving his privilege.

Verdict for defendant.

CRITTENDEN (UNION BANK OF GEORGETOWN v.). See Case No. 14,-354.

## Case No. 3,395.

### The CROATAN.

[Chase (1869) 546.] [2]

Circuit Court, D. North Carolina.

INTERFERENCE OF STATE COURT IN ADMIRALTY PROCEEDINGS.

1. A steamer being in custody of the marshal in a proceeding in admiralty, a state court has no jurisdiction to take it on attachment; therefore a judgment in such attachment creates no lien upon the steamer.

2. Such a proceeding in attachment was, in substance and in fact, a proceeding in admiralty, and beyond the jurisdiction of the state court. Instead of suing out an attachment in the state court, the creditor should have intervened for his interest in the United States district court.

This was an appeal from decrees in admiralty by the district court for the Cape Fear district of North Carolina [case unreported]. It appears that Braham and others filed a libel in the district court against the steamer Croatan, her tackle, apparel, and furniture, and that shortly afterwards Cassidy and Beery filed another libel in the same court against her and her appurtenances also. She was accordingly taken possession of by the marshal. While she was so in his possession, Levy sued out an attachment from the state court, and levied it on the steamer in the custody of the law, and in due time procured his judgment on attachment for three hundred and thirty-four dollars and seventy-six cents. After this levy of Levy's attachment, Dewey, on July 18, 1866, filed his libel

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

on the vessel in the district court for the sum of one thousand five hundred and eighty-four dollars and twenty-nine cents, and on July 23, 1866, Styles & Carter also filed their libel against her in the same court for the sum of one thousand three hundred and fifteen dollars and twenty-eight cents. Matters were in this position when the district court on August 2, 1866, decreed in favor of Braham, the first libellant, and Cassidy and Beery, the second libellants, and ordered the vessel to be sold to satisfy their claims. She was accordingly sold on August 20, 1866, for ten thousand three hundred dollars, a sum much more than necessary to satisfy the two libels on account of which she was sold. On October 30, 1866, a decree was pronounced in favor of Dewey for one thousand five hundred and eighty-four dollars and twenty-nine cents, and Styles & Carter for one thousand three hundred and fifteen dollars and twenty-eight cents, and their respective costs. The claims of the first libellants having been paid, Levy filed his petition in this court, claiming the next lien on the surplus of the proceeds of the sale of the Croatan, by virtue of his attachment from the state court, which was levied next after the first two libels. Dewey and Styles & Carter also filed their petitions claiming the surplus under their libels in the order of filing them, the surplus not being sufficient to pay both of them.

THE COURT decided that Levy had obtained the prior lien by virtue of his attachment, and accordingly decreed in his favor to the amount of his claim, which it ordered to be paid out of the surplus in the registry of the court.

CHASE, Circuit Justice. This is a petition for the appropriation of a sufficient amount of the proceeds of the steamer Croatan, sold under the order of the district court, to the satisfaction of a judgment in attachment recovered by the petitioner, in one of the state courts of North Carolina. The petition alleged that sometime prior to the issuing of the attachment from the state court, a libel was filed in the district court by Thomas A. Braham and others, against the steamer. And that another libel was filed by James Cassidy and Benjamin A. Beery, against the same steamer; and that such proceedings were had in admiralty, that on August 2, 1866, the steamer, with her tackle, apparel, and furniture, were ordered to be sold. It further alleged that the steamer was sold on August 20, for ten thousand three hundred dollars, which was much more than sufficient to pay the amounts claimed in the two libels. The petitioner, therefore, prayed that a sufficient sum be appropriated out of the surplus and remnants to the satisfaction of his attachment. A decree was accordingly made by the district court, directing the satisfaction of the claim of Levy

by the payment to him of three hundred and thirty-four dollars and seventy-six cents, with his costs, out of the surplus and remnants.

It further appears that on July 18, 1866, William H. Denny filed his libel in the district court for the district of Cape Fear against the steamer Croatan, alleging that in the month of March, 1866, the steamer being in the port of Charleston, S. C., the libellant furnished materials and labor towards equipping and finishing the steamer to the amount of one thousand five hundred and eighty-four dollars and twenty-nine cents. At the hearing of this libel on October 30, 1866, a decree was made against the steamer, in favor of the libellant, for the sum of one thousand five hundred and eighty-four dollars and twenty-nine cents, and for his costs.

It further appears that on July 23, 1866, L. C. Styles and J. F. Carter, partners under the name of Styles & Carter, filed their libel in the district court for the Cape Fear district of North Carolina, setting up a claim against the steamer Croatan for advances to pay the expense of necessary repairs and supplies, and praying a decree for the amount advanced, and for the sale of the steamer in order to the satisfaction of the same. Upon the hearing of this petition on October 30, 1866, a decree was made against the steamer, in favor of the libellants for the sum of one thousand three hundred and fifteen dollars and twenty-eight cents, and for their costs.

Subsequently, and while the petition of Jonas P. Levy for the application of the surplus to the satisfaction of his judgment in attachment, was pending in the district court, William H. Denny and Styles & Carter filed their petition by way of intervention in the district court, setting up the decrees in admiralty recovered by them respectively, and asking the appropriation of the remnants and surplus in the registry of the court to the satisfaction of their several decrees. This petition alleged that the proceeding of Levy by writ of attachment from the state court, created no lien upon the steamer, and insisted that he was not entitled to payment out of the remnants and surplus, which were insufficient to satisfy the claims of the petitioners. Notwithstanding this petition of intervention, a decree was made, as has been already stated, in favor of Levy for the satisfaction of his judgment in attachment, and from this decree, the petitioners William H. Denny and Styles & Carter have appealed to this court.

The proceedings in this case have been quite loose and irregular. The petition of intervention bears no date, nor is there anything which indicates that it was ever filed in the district court. No records of the proceedings of the district court in the original libel suits of Thomas A. Braham, James Cassiday, and Benjamin A. Beery, have been brought into this court. There is nothing before me which shows the amount of the decrees in favor of the libellants in these suits. There is nothing, indeed, which gives any information respecting them, except the loose reference in the petition of Levy. There is no record of the petition of Levy for payment out of the remnants and surplus; or of the petition of William H. Denny and Styles & Carter. The original papers only have been brought into this court. It is difficult, under such circumstances, to dispose of the case satisfactorily. There seems, however, to be no question that payment of the sum recovered in attachment was decreed as claimed, and that the decrees upon the libels of William H. Denny and Styles & Carter were rendered as stated. Nor is there any question that a surplus from the sale, under the original decrees, remained in the registry of the court, or that this surplus is insufficient to satisfy the decree, in favor of William H. Denny and Styles & Carter.

The real question is whether Jonas P. Levy was entitled to be paid the amount of his judgment in attachment, in preference to William H. Denny and Styles & Carter. I think he was not so entitled, for two reasons; in the first place, the steamer, at the time this attachment was issued, was in custody of the marshal of the United States, and could not be taken upon an attachment issued out of a state court; secondly, the proceeding in attachment was, in substance and fact, a proceeding in admiralty, and beyond the jurisdiction of a state court. Instead of suing out an attachment in the state court, Levy should have intervened for his interest in the district court. The decree of the district court, giving effect to the alleged lien of Levy under his attachment, was erroneous, and must be reversed. A decree of reversal will be made accordingly, and the cause will be sent back to the district court for further proceedings in conformity with this opinion.